IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SEAN JEFFRIES,<br><br>    Plaintiff,<br><br>vs.<br><br>C/O PORSHE, Correctional Officer; C/O YANG, Correctional Officer; SGT MURPHY, Floor Sgt; and DOUGLAS COUNTY CORRECTIONS STAFF (in general), Admissions,<br><br>    Defendants. | 8:22CV61<br><br>**MEMORANDUM<br>AND ORDER** |

  During the relevant events of this case, Plaintiff was an inmate at the Douglas County Correction Center.[1] The court has granted Plaintiff permission to proceed in forma pauperis (Filing 7), and the court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

---

[1] Plaintiff's Complaint involves alleged incidents that occurred when he was an inmate at the Douglas County Correction Center in 2021. Electronic state-court records available to the court indicate that Plaintiff was released from that institution on June 13, 2022 (Nebraska Department of Correctional Services Inmate Records for Sean Jeffries, DCS ID 214469), but on September 7, 2022, he entered the custody of the Douglas County Department of Corrections as a pretrial detainee on new charges. (Douglas County Department of Corrections Inmate Locator for Sean T. Jeffries, Data No. 1382121.)

Plaintiff sues Douglas County Corrections ("DCC") officers Porshe and Yang, DCC floor sergeant Murphy, and the DCC admissions staff "in general" in their individual and official capacities pursuant to 42 U.S.C. § 1983. Plaintiff generally complains about the DCC staff placing Plaintiff and another inmate, Stevion Motten, in the same housing unit from August 24 to September 12, 2021, despite a "keep-separate order" applicable to the two inmates arising from Plaintiff's charge that Motten had assaulted him. Plaintiff alleges that DCC officers Porshe and Yang repeatedly let Plaintiff and Motten out of their cells at the same time, resulting in Motten and his fellow gang members physically and verbally harassing Plaintiff.

Plaintiff alleges that Motten and his gang associates spit on him, threatened to shoot and kill him, threatened to shoot his family members and their homes, threatened to harm Plaintiff if he refused to drop the charges against Motten, kicked him in the buttocks and testicles, punched him, threatened to rape him, and screamed obscenities at him. As a result of this alleged abuse, Plaintiff sustained several "knots" on the head, swelling in his testicles, anxiety, depression, mental anguish, and has contemplated suicide.

Plaintiff claims he told Defendants Porshe and Yang of Motten's behavior, but Porshe only responded by telling Plaintiff he hoped he knew how to defend himself. Similarly, Defendant Yang responded by telling Plaintiff "it was too bad and to basically just deal with it." (Filing 1 at CM/ECF p. 10.) In response to Plaintiff's complaints about the abuse he was experiencing, another (unnamed) guard informed Plaintiff "there was nothing he could do about it because it was off[-]camera." (*Id.* at p. 9.) Plaintiff alleges that Defendant Murphy falsely told Plaintiff he would be placed in a separate housing unit on September 10, 2021, but Motten and Plaintiff were not separated for another two days.

Besides alleging that the DCC staff failed to protect him, Plaintiff claims he was "refused medical treatment because the officer on duty did not witness the assault." (*Id.* at p. 10.) Plaintiff requests $2 million in damages.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

**A. Official-Capacity Claims**

Plaintiff's claims against the Defendants in their official capacities are actually claims against Douglas County. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 800 (8th Cir. 1998) ("Liability for city officials in their official capacities is another form of action against the city . . . .").

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. To prevail on a claim alleged against Douglas County, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

"Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating:

> (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal-liability claim based on a theory of inadequate training or

4

supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

"When a complaint is filed, a plaintiff may not be privy to the facts necessary to accurately describe or identify any policies or customs which may have caused the deprivation of a constitutional right. Moreover, such a holding would disregard the liberality of Fed. R. Civ. P. 8(a)(2) which requires merely 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 8(f), which states 'pleadings shall be so construed as to do substantial justice.' Thus, the failure . . . to specifically plead the existence of an unconstitutional policy or custom, in itself, is not fatal to [a plaintiff's] claim for relief." *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). However, a plaintiff's "failure to include any 'allegations, reference, or language by which one could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom' renders the complaint deficient." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (quoting *Doe*, 340 F.3d at 614).

Here, Plaintiff has failed to make any allegations whatsoever about an unconstitutional policy, custom, or failure to train or supervise that caused the Defendants' unconstitutional conduct. In fact, there is a total absence of "language by which one could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom." *Doe*, 340 F.3d at 614; *Crumpley-Patterson*, 388 F.3d at 591. Therefore, Plaintiff has failed to state a claim upon which relief may be granted against the Defendants in their official capacities.

## B. Defendant Douglas County Corrections Staff

Plaintiff names as a Defendant "Douglas County Corrections Staff (in general), Admissions" without further identification. "It is generally impermissible to name fictitious parties as defendants in federal court, but 'an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Estate*

5

*of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). The allegations in Plaintiff's Complaint regarding these unknown, unnamed Defendants are not sufficiently specific to satisfy the exception to the general prohibition against fictitious parties. *See id*. The Complaint "does not sufficiently allege who [these] Defendants are, what they allegedly did, what their position is for the [County], or any other facts that would permit [them] to be noticed or identified through discovery." *Id*. Therefore, Plaintiff has failed to state any claims for relief against Defendant "Douglas County Corrections Staff (in general), Admissions." *See, e.g.*, *Roe v. Nebraska*, No. 4:15CV3071, 2015 WL 6159212, at *4 (D. Neb. Oct. 20, 2015) (dismissing claims alleged against unknown "agents and employees" of the state), *aff'd*, 861 F.3d 785 (8th Cir. 2017).

## C.  Failure-to-Protect Claim Against Porshe, Yang & Murphy in Individual Capacities

Plaintiff's failure-to-protect claim arises from Plaintiff's allegation that unidentified DCC staff placed him and another inmate, Stevion Motten, in the same housing unit from August 24 to September 12, 2021, despite a "keep-separate order" applicable to the two inmates resulting from Plaintiff's charge that Motten had assaulted him.

Plaintiff alleges that despite telling Defendants Porshe and Yang of Motten's abusive behavior toward him, Porshe and Yang repeatedly let Plaintiff and Motten out of their cells at the same time, resulting in Motten and his fellow gang members physically assaulting and verbally harassing Plaintiff. Plaintiff claims that when he told Porshe and Yang about Motten's behavior, they took no action, with Porshe telling him he hoped Plaintiff knew how to defend himself and Yang saying, "it was too bad and to basically just deal with it." (Filing 1 at CM/ECF p. 10.) As to Defendant Murphy, Plaintiff only alleges that Murphy falsely told Plaintiff he would be placed in a separate housing unit on September 10, 2021, but Motten and Plaintiff were not separated for another two days.

6

> A prison official violates the Eighth Amendment if he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates. This claim has an objective component, whether there was a substantial risk of serious harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk. To be liable, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Vandevender v. Sass*, 970 F.3d 972, 975 (8th Cir. 2020) (internal quotation marks and citations omitted). The Eighth Circuit Court of Appeals has noted that "[m]ost of our prior failure-to-protect cases arising out of an inmate-on-inmate assault have involved an attacker who was known to be a volatile, dangerous man; or who previously threatened or fought with the victim; or a victim who should have been better protected because of known prior inmate threats." *Id*. at 976 (internal quotation marks and citations omitted).

Here, Plaintiff plausibly alleges that Defendants Yang and Porshe knew that Motten was a serious physical threat to Plaintiff because Plaintiff had repeatedly advised them of the abuse Motten and his gang members had visited upon him. Plaintiff also alleges that Yang and Porshe were deliberately indifferent to that risk by taking no action in response to Plaintiff's complaints, by simply telling Plaintiff to endure the abuse, and by continuing to create situations in which Motten and his gang members could access Plaintiff. This claim will be allowed to proceed.

However, as to Defendant Murphy, Plaintiff only claims that Murphy broke a promise to him—that is, Murphy falsely told Plaintiff he would be placed in a separate housing unit on September 10, 2021, but Motten and Plaintiff were not separated for another two days. This is insufficient to state a failure-to-protect claim because Plaintiff does not allege what, if anything, Murphy knew about (1) Motten's abuse of Plaintiff, (2) the alleged "keep-separate order," and (3) whether Motten posed a substantial risk of serious harm to Plaintiff. Further, if Murphy did have any such knowledge, Plaintiff has not alleged if or how Murphy was deliberately

7

indifferent to the risk posed to Plaintiff by Motten. Therefore, Plaintiff has failed to state a claim upon which relief can be granted as to Defendant Murphy.

## D. Deliberate Indifference to Serious Medical Needs Against Porshe, Yang & Murphy in Individual Capacities

For this claim, Plaintiff alleges only that he was "refused medical treatment because the officer on duty did not witness the assault." (Filing 1 at CM/ECF p. 10.) He also claims he suffered injuries in the form of several "knots" on the head, swelling in his testicles, anxiety, depression, and mental anguish, and he has contemplated suicide.

As an initial matter, Plaintiff's allegations fail to state a medical deliberate-indifference claim against Defendants Porshe, Yang, and Murphy in their individual capacities because Plaintiff fails to allege that any of these Defendants were personally involved in refusing Plaintiff medical treatment. "A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant." *Banks v. New York Police Dep't*, No. 4:15CV3012, 2015 WL 1470475, at *2 (D. Neb. Mar. 31, 2015); *see also Krych v. Hvass*, 83 Fed. App'x 854, 855 (8th Cir. 2003) (unpublished) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed pro se complaint where complaint did not allege that defendant committed specific act and complaint was silent as to defendant except for his name appearing in caption)).

As to the substance of Plaintiff's purported medical deliberate-indifference claim, "the Eighth Amendment prohibition on cruel and unusual punishment extends to protect prisoners from deliberate indifference to serious medical needs." *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012) (internal quotation marks and citation omitted). To prevail on such a claim, an inmate must show that "(1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it." *Schaub v. VonWald*, 638 F.3d 905,

8

914 (8th Cir. 2011) (internal quotations and citations omitted). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id*. (internal quotation and citation omitted).

> Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate. An obvious risk of harm justifies an inference that a prison official subjectively disregarded a substantial risk of serious harm to the inmate. Deliberate indifference must be measured by the official's knowledge at the time in question, not by hindsight's perfect vision.

*Id*. at 914-15 (internal quotation marks and citations omitted).

Plaintiff has not named *anyone* at the Douglas County Correction Center (much less any of the named Defendants) who knew of his allegedly serious medical needs and who subjectively disregarded those needs by denying or refusing to administer medical treatment. Therefore, Plaintiff has failed to state an inadequate-medical-care claim upon which relief can be granted.

## IV. CONCLUSION

In its present form, Plaintiff's Complaint states a failure-to-protect claim against Defendants Yang and Porshe in their individual capacities. However, the Complaint fails to state a claim upon which relief can be granted as to Yang and Porshe in their official capacities and against the other named Defendants. On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint to state a claim upon which relief can be granted as to Yang and Porshe in their official capacities and against the other named Defendants. The amended complaint must specify the capacity in which the Defendants are sued; must either identify each Defendant by name or include allegations specific enough to permit the identity of unnamed Defendants after

9

reasonable discovery; and must set forth all of Plaintiff's claims (and any supporting factual allegations) against each Defendant. To be clear, Plaintiff's amended complaint must restate the relevant allegations of his Complaint (Filing 1) and any new allegations. Plaintiff should be mindful to explain what each Defendant did to him, when each Defendant did it, and how each Defendant's actions harmed him. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will proceed only as to Plaintiff's failure-to-protect claim against Defendants Yang and Porshe in their individual capacities. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A after he addresses the matters set forth in this Memorandum and Order in an amended complaint. Accordingly,

IT IS ORDERED:

1.  Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in this matter proceeding only as to Plaintiff's failure-to-protect claim against Defendants Yang and Porshe in their individual capacities. In his amended complaint, Plaintiff must either identify each Defendant by name or, if unnamed, include allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery; state the capacity (official, individual, or both) in which each Defendant is sued; and set forth all of Plaintiff's claims (and any supporting factual allegations) against each Defendant. Plaintiff should be mindful to explain in his amended complaint what each Defendant did to him, when each Defendant did it, and how each Defendant's actions harmed him.

2.  In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into **one document** may result in the abandonment of claims.

10

Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: October 24, 2022—amended complaint due.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 22nd day of September, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge